IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
JAN 26 2007
GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-02570-BNB

LILBERT L. BEASLEY, JR.,

   Plaintiff,

v.

MR. KURTZ, Warden,
STARR CHAMBERS, #2213,
MR. RENNER, Unit Manager,
MR. MCCLINTOCK, Doctor,
MRS. TRUJILLO, Medical Supervisor, and
MRS. VIGIL, Physician Assistant,

   Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Lilbert L. Beasley, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Buena Vista, Colorado, correctional facility. He initiated this action by filing *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) and a civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985 (2003) for money damages and injunctive relief. Mr. Beasley has been granted leave to proceed pursuant to § 1915 without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Beasley is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below,

Mr. Beasley will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Beasley's complaint is vague and, at times, unintelligible. The complaint fails to allege which claims are asserted pursuant to which statute. *See* Fed. R. Civ. P. 8(a)(1). It fails to contain a clear and concise demand for relief. *See* Fed. R. Civ. P.

8(a)(3). The complaint also does not include a short and plain statement of Mr. Beasley's claims showing that he is entitled to relief in this action. **See** Fed. R. Civ. P. 8(a)(2). Mr. Beasley primarily appears to be attempting to assert claims of deliberate indifference to his serious medical needs, but his allegations are too confusing to comprehend. His second claim makes no sense. This claim concerns a Sergeant Norman, who is not a named Defendant, allegedly placing a partially eaten corn on the cob on a table where Mr. Beasley was eating.

Rather than summarizing each claim succinctly, Mr. Beasley apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Beasley's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Mr. Beasley must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated, and the specific acts of each Defendant that allegedly violated his rights.

Mr. Beasley also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City**

*of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such as Warden Kurtz, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Beasley should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Beasley is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Beasley should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Beasley file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

4

FURTHER ORDERED that the clerk of the Court mail to Mr. Beasley, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Beasley submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Beasley fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED January 26, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02570-BNB

Lilbert Beasley
Prisoner No. 115474
Buena Vista Corr. Facility
PO Box 2017 - East 2-5-6
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___1-27-07___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk