IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02570-BNB

LILBERT L. BEASLEY, JR.,

    Plaintiff,

v.

MR. KURTZ, Warden,
STARR CHAMBERS, #2213,
MR. RENNER, Unit Manager,
MR. MCCLINTOCK, Doctor,
MRS. TRUJILLO, Medical Supervisor, and
MRS. VIGIL, Physician Assistant,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 0 2007

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Lilbert L. Beasley, Jr., filed *pro se* on April 16, 2007, a motion seeking reconsideration of the order and judgment of dismissal entered and filed on March 8, 2007, in the instant action. The Court must construe the motion liberally because Mr. Beasley is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be

considered pursuant to Rule 59(e). *See id.* A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Beasley's motion, which was filed more than ten days after the Court's March 8, 2007, order and judgment of dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice for Mr. Beasley's failure within the time allowed to file an amended complaint that complied with the pleading requirements of Fed. R. Civ. P. 8. The basis for the dismissal is explained in detail in the March 8, 2007, dismissal order.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Beasley fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion for reconsideration will be denied. Accordingly, it is

ORDERED that the motion for reconsideration submitted *pro se* by Plaintiff Lilbert L. Beasley, Jr., seeking reconsideration of the March 8, 2007, order and judgment of dismissal, and which the Court has construed liberally as a motion

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 19 day of April, 2007.

BY THE COURT:

*/s/ Zita Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02570-BNB

Lilbert Beasley
Prisoner No. 115474
Buena Vista Corr. Facility
PO Box 2017 - East 2-5-6
Buena Vista, CO 81211

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/20/07

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk